UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALICIA M. SCHOENRADT,

      Plaintiff,

      v.                             Case No:   2:17-cv-588-FtM-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff, Alicia M. Schoenradt, seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("SSA") denying her claim for a period of

disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").  The

Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by

the appropriate page number), and the parties filed a joint memorandum setting forth their

respective positions.  For the reasons set out herein, the decision of the Commissioner is

**REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. §

405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled.  *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed applications for a period of disability and disability insurance benefits (DIB) on December 10, 2013, and Supplemental Security Income (SSI) on February 24, 2014. (Tr. 246-27, 339-345, 347-53). They were denied initially on April 24, 2014 (Tr. 280-286), and upon Reconsideration on August 15, 2014. (Tr. 288-297). Thereafter, Plaintiff requested a hearing on October 6, 2014. (Tr. 298-299). On August 12, 2016, a hearing was held before Administrative Law Judge William G. Reamon ("the ALJ"). (Tr. 173-219). Plaintiff and Vocational Expert Stephen E. Cosgrove ("the VE"), testified at the hearing. (Tr. 173-219). On October 7, 2016, the ALJ issued a decision that was unfavorable to the Plaintiff, finding that Plaintiff was not disabled. (Tr. 69-88). Plaintiff requested review of the ALJ's decision on October 17, 2016. (Tr. 67-68). On August 24, 2017, the Appeals Council denied review of the ALJ decision. (Tr. 1-7). Plaintiff initiated the instant action by Complaint (Doc. 1) on October 25, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2, 2013, the alleged onset date. (Tr. 74). At step two, the ALJ found that Plaintiff had the following severe impairments: status-post resection of left

temporal meningioma; lumbar degenerative joint disease with L5-S1 disc protrusion; affective

disorder; and anxiety disorder. (Tr. 74). At step three, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 75).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional

capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)
> except she requires a fifteen minute sit or stand option and can understand,
> remember, and carry out simple instructions.

(Tr. 77). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work

as a bus driver and office helper. (Tr. 81).

At step five, the ALJ found that considering Plaintiff's age, education, work experience,

and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can

perform. (Tr. 82). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff

could perform such jobs as telephone order clerk, document preparer scanner, and addresser. (Tr.

82). The ALJ concluded that Plaintiff had not been under a disability since May 2, 2013, through

the date of the decision, October 7, 2016. (Tr. 82).

## II.    Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to comply with

Social Security Ruling 96-9p; and (2) whether the ALJ erred by relying on VE testimony that

conflicts with the Dictionary of Occupational Titles. The Court will address each issue in turn.

### A)  Whether the ALJ erred by failing to comply with Social Security Ruling 96-9p.

Plaintiff argues that the ALJ's finding that Plaintiff "requires a fifteen minute sit or stand

option" is impermissibly vague and fails to comply with the requirements of SSR 96-9p. (Doc. 26

p. 23). Plaintiff contends that the ALJ's sit/stand opinion should have specified the frequency in which Plaintiff would need to alternate position. (Doc. 26 p. 24). Plaintiff contends that because the ALJ's sit/stand option was included in the hypothetical question posed to the VE, the ALJ erred by relying on the VE's testimony. (Doc. 26 p. 23). In response, Defendant argues that the ALJ's sit/stand option was not vague and that the ALJ properly relied on the VE's testimony. (Doc. 26 p. 27-29).

The Court rejects Plaintiff's arguments. SSR 96-9p provides, in relevant part, that an ALJ, in formulating a sit/stand opinion must "be specific as to the frequency of the individual's need to alternate sitting and standing." Here, the ALJ was sufficiently specific. The ALJ specified that Plaintiff required a "**fifteen** minute" sit or stand option. (Tr. 77), and likewise asked the VE to identify jobs that allow for a "**15**-minute sit/stand option." (Tr. 215) (emphasis added). The ALJ was asking the VE to identify jobs that allowed Plaintiff to sit for fifteen minutes and then switch to standing for fifteen minutes. (Tr. 215). The VE clearly understood the ALJ's question as he did not ask for clarification. (Tr. 215).

In any event, even if the ALJ's formulation of the sit/stand option was vague, remand would not be necessary in this case. The VE explained to the ALJ that the jobs he identified

> lend themselves fully to a sit/stand opinion at the prerogative of a worker
> for however long either he or she would like to stand and/or sit. It would
> not negatively, it wouldn't disparage performance of the job and would
> present in the same numbers.

(Tr. 215). The telephone order clerk, document/prepare scanner, and addresser jobs all allowed Plaintiff to switch between sitting and standing as often as she liked. (Tr. 215). In other words, according to the VE, Plaintiff could perform these jobs no matter what the frequency of her

sit/stand option. Thus, no matter how the ALJ would have formulated the frequency of alternating sitting and standing, the VE's testimony would not change.

Plaintiff fails to offer any evidence that she could not perform these jobs based on her ability to sit or stand for any period of time, and thus has failed to establish she is unable to perform the jobs identified by the VE. *See Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005) (holding claimant failed to establish she could not perform jobs where she did not offer evidence showing she could not perform the jobs based on her ability to sit or stand). Accordingly, the Court finds no error in the ALJ's sit/stand option finding.

**B) Whether the ALJ erred by relying on VE testimony that conflicts with the Dictionary of Occupational Titles.**

Plaintiff argues that the ALJ erred by failing to ask the VE whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT") in violation of SSR 00-4p. (Doc. 26 p. 30). Furthermore, Plaintiff argues that there is an apparent conflict between the VE's testimony and the DOT, i.e., the jobs identified by the VE require a reasoning level of 2 or 3 and the DOT provides that an individual, like Plaintiff, limited to simple, routine, repetitive tasks could not perform jobs requiring such reasoning levels. (Doc. 26 p. 30). In response, Defendant argues that there is no apparent conflict between the VE's testimony and the DOT. (Doc. 26 p. 32-34).

SSR 00-4p provides that an administrative law judge has an affirmative duty to ask the VE if the evidence he provided "conflicts with the information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4. If the VE's testimony "appears to conflict with the DOT," the ALJ "will obtain a reasonable explanation for the apparent conflict." *Id.*

In the recent published opinion *Washington v. Commissioner of Social Security*, the Eleventh Circuit held that "SSR 00-4p is properly understood to impose an affirmative duty on the ALJs to identify apparent conflicts, ask the VE about them, and explain how the conflict was

resolved in the ALJ's final decision." No. 17-13649, 2018 WL 5318147, at \*10 (11th Cir. Oct. 29, 2018). Merely asking the VE if there is a conflict between his or her testimony and the DOT does not fulfill the ALJ's affirmative obligation to undertake a meaningful effort to uncover apparent conflicts. *Id.* at \*8.

In this case, the ALJ failed to inquire whether the VE's testimony conflicted with the DOT. Further, the ALJ failed to conduct any other inquiry to demonstrate he performed his affirmative obligation to uncover an apparent conflict. The ALJ's failure to do so violates the requirements of SSR 00-4p as well as the Eleventh Circuit's requirements in *Washington*. On remand, the Court will require the ALJ to identify apparent conflicts, ask the VE about them, and explain how the conflict was resolved in the ALJ's final decision in accordance with SSR 00-4p and *Washington*.

The Court makes no finding whether there is an apparent conflict between the DOT and the VE's testimony that an individual limited to simple, routine, repetitive tasks is capable of performing jobs requiring reasoning level of 2 or 3. While some courts have found that such testimony is an apparent conflict with the DOT, other courts have rejected this finding. *Compare Estrada v. Barnhart*, 417 F.Supp.2d 1299 (M.D. Fla. 2006) (finding that remand was necessary where an ALJ failed to question a VE about an apparent conflict between concerning a limitation to simple tasks and reasoning level 3), *with Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016) (holding jobs with reasoning levels of two and three, which also had an SVP of 2 were consistent with unskilled or simple work); *Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 975 (11th Cir. 2012) (holding no apparent inconsistency between reasoning levels of jobs and VE's testimony); *Hurtado v. Comm'r of Social Sec.*, 425 F. App'x 793, 795-96 (11th Cir. 2011) (holding no apparent conflict between reasoning levels of two and three with simple, routine work).

The Court notes that in *Washington*, the Eleventh Circuit interpreted "apparent conflict" broadly, explaining that "[a]t a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018). The Court further notes that in the cases cited above, in which no conflict was found, the courts cited the rule repudiated in *Washington* that a VE's testimony trumps the DOT when they conflict. Thus, in the opinion of the undersigned, the issue of whether VE testimony that a claimant limited to simple, routine, repetitive tasks can perform work requiring reasoning level of 3 conflicts with the DOT remains unsettled.

In any event, the ALJ erred by failing to comply with SSR 00-4p and *Washington*. Accordingly, the Court finds it appropriate to reverse and remand this case for proceedings consistent with this opinion and order.

## III.     Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties