UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALICIA SCHOENRADT,

    Plaintiff,

v.                                                              Case No.: 2:17-cv-588-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **ORDER**

Before the Court is the Uncontested Motion for Attorney Fees (Doc. 33) filed on June 28, 2022. Plaintiff Alicia Schoenradt's attorney Bill B. Berke requests the Court award attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,520.50 which represents less than 25% of the past-due benefits awarded in this case. (Doc. 33, p. 2). Attorney Berke represents that the Commissioner has no objection to the relief requested. (Doc. 33, p. 6). For the following reasons, the Court grants the motion.

On February 22, 2019, the Court entered an Opinion and Order (Doc. 28), reversing the decision of the Commissioner and remanding the action to the Commissioner. A judgment was entered on February 25, 2019. (Doc. 29). The Court awarded $4,349.98 in attorney's fees under the Equal Access to Justice Act

("EAJA"). (Doc. 31). Attorney Berke now seeks additional fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits. (Doc. 33). Specifically, Attorney Berke requests an award of $13,520.50, which is less than 25% of the past-due benefits. (Doc. 33, pp. 5-6). Upon receipt of these fees, Attorney Berke will return the EAJA fees in the amount of $4,349.98 to Plaintiff. (Doc. 33, p. 5).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the Court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and*

*recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht*, 535 U.S. at 796).

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht*, 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

First, the Court reviewed the fee contract agreement and finds it comports with 42 U.S.C. § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. (Doc. 33-3). Thus, the Court finds this agreement is reasonable.

Second, the Court looks to see if counsel delayed this case. The Court finds no evidence of delay. Lastly, the Court considers whether the benefits are large in comparison to the amount of time counsel spent on this case. In this Court's May 21, 2019 Order, the Court reviewed the number of hours expended in this case and the hourly rate and found both to be reasonable. (Doc. 31). In conjunction with the instant Motion, the Court reviewed: (1) the number of hours counsel expended and

the hourly rates; and (2) the attachments to the Motion. (Doc. 33-2, 33-4). After consideration of these documents, the Court finds the fees requested by counsel are reasonable. Thus, the Court determines an award of $13,520.50 is reasonable.[1]

Accordingly, it is hereby **ORDERED**:

The Uncontested Motion for Attorney Fees (Doc. 33) is **GRANTED** and the Court awards § 406(b) fees in the amount of $13,520.50. Upon receipt of these funds by Plaintiff's counsel, the Court directs Plaintiff's counsel to remit $4,349.98 to Plaintiff.

**DONE** and **ORDERED** in Fort Myers, Florida on July 29, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court questioned the timeliness of the motion and Plaintiff filed a Supplemental Memorandum addressing that issue. (Doc. 35). The Court is satisfied that it need not address the timeliness of the fee request because the Commissioner did not object to the request. *Maldonado-Rios v. Berryhill*, No. 8:16-CV-218-T-AAS, 2019 WL 1014421, at *1, n.2 (M.D. Fla. Mar. 4, 2019)